## TITLE TO CERTIFICATES OF STOCK.

Circuit Court of Hamilton County.

THOMAS CARLL v. LITTLE MIAMI RAILROAD COMPANY ET AL.

Decided, February 25, 1911.

*Power of·Attorney for the Transfer of Stock—Power Not Exercised by the One Named Therein During Her Lifetime—But Stock Assigned to Her Son—Interpretation of a Deed Covering Real Estate and Belongings Thereto.* ·

1. A power of attorney endorsed on a certificate of stock by a husband in favor of his wife, on the same day on which the certificate was issued to him, will be construed as a general power to transfer the stock on the books of.the company, which not having been exercised .by the wife during her lifetime ceased at her death, and her attempt to sign the certificate over to her son conveyed no title.

2. A deed conveying certain real estate upon which was situated a health college, and also covering belongings of the college in the form of personal property specifically described, can 'not be construed as covering a certificate of stock in possession of the grantor at his home in another state, where the negotiations for the transfer of the property were had and the deed was executed.

*H. S. Stevenson, Louis J. Dolle, Walter C. Taylor* and *J. B. O'Donnell,* for Carll.

*Gideon C. Wilson,* for Curts.

*Robert P. Hargitt,* for the estate. ·

GIFFEN, P. J.; SMITH, J., concurs; SWING, J., dissents in part.

The representative character of the defendant, Nelson L. Seeley, as administrator of the estate of John B. Campbell, deceased, is sufficiently shown by his deposition, and if not the court would reopen the case for further proof, the letters of administration being submitted with the papers in the case, although apparently not offered in evidence.

The· title of plaintiff to twenty-five shares of stock of the Little Miami Railroad Company depends primarily on a power of attorney endorsed on the certificate by John B. Campbell in favor of his wife, Jennie Campbell, who afterwards endorsed the certificate as follows:    .    ·

"I sign this paper over to my son, Thomas W. Carll.
                    "Mrs. Jennie Campbell."

The declarations of Jennie Campbell, deceased, if competent, are to the effect that her husband gave her the stock; but this is merely her interpretation of the acts of Campbell himself, to-wit, the execution of the power of attorney and delivery of the stock, and the same construction is now insisted upon by counsel for plaintiff. In other words that a complete title to the stock was vested in Mrs. Campbell.

The power of attorney is dated the same day on which the certificate was issued, and it is not probable that the owner would have the stock issued in his name for the sole purpose of transferring it to his wife. The object he may have had and the person to whom it should be transferred does not appear, and we are justified in holding that it was a general power to transfer the stock on the books of the company, which not being exercised during her lifetime, ceased at her death. The attempt to assign the stock to her son, the plaintiff, is beyond the power conferred and therefore conveyed no title. ' If she had also caused a transfer to be made on the books of the company a different question would be presented. A *bona fide* purchaser would no doubt be protected, but a donee probably not.

The petition should therefore be dismissed.

The other twenty-five shares of stock claimed by the defendant, J. C. Curts, were not endorsed in any way, but the claim is based upon a deed conveying to him—

"The following described property and real estate in Fairmount, Hamilton county, Cincinnati, Ohio, to-wit (real estate described), and this grant includes all that belongs to the Vitapathic System as described in the lease paper to Dr. R. S. Clymer, to-wit, patent rights, copyrights, electrotypes and copies of diploma and certificate of ordination and books and all equipments of the college, including the American Health Religious College and its belongings in name and nature."

Although articles of incorporation were issued by the Secretary of State, the corporation was never duly organized, and the property of the college really belonged to John B. Campbell.

The care with which he describes, in the above deed, the things which would naturally be considered a part of the college outfit, and were located in the college building in Ohio, would seem to exclude, from the general and comprehensive word belongings, railroad stock in his possession at his home in Citronelle, Alabama, where the negotiations of sale were had and deed executed. The grantee himself gives in effect a like interpretation of the deed in letters written to Campbell's administrator.    These letters were objected to as irrelevant, immaterial and incompetent when offered as part of the deposition of the administrator taken in Alabama.

The objection is now made that the signature was not proved. We think sufficient proof of the genuineness of the letters was made, and that the objection now made is too late.    If the deed was intended to convey all the effects of the college, then the cash found in the box along with the railroad stock, and the cash in bank, if any, would pass to the grantee.    We discover no such intention either in the deed itself, nor when read in the light of surrounding circumstances.

In the brief time allowed, we have not attempted to here review all the evidence, nor to quote authorities; but, after full consideration, we hold that the burden of proof has not been sustained by the plaintiff, nor the cross-petitioner, Curts.

Decree accordingly.

Judge Swing dissents to that portion of decision relative to the claim of J. C. Curts, defendant.